```
                    United States District Court
                      District of Massachusetts
_____
                                )
WESTERN INVESTMENT TOTAL RETURN )
FUND LTD.,                      )
        Plaintiff,              )
                                )   Civil Action No.
        v.                      )   09-11275-NMG
                                )
ROBERT P. BREMNER, JACK B.      )
EVANS, WILLIAM C. HUNTER, DAVID )
J. KUNDERT, WILLIAM J.          )
SCHNEIDER, JUDITH M. STOCKDALE, )
CAROL E. STONE, TERENCE J. TOTH,)
and JOHN P. AMBOIAN,            )
        Defendants.             )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

The defendants in this case are the trustees of four funds that are organized as Massachusetts business trusts. Plaintiff, Western Investment Total Return Fund Ltd. ("WITRL"), is a holder of shares of those funds. Plaintiff alleges that the defendants breached their fiduciary duties to plaintiff when they merged the funds into other funds of which the defendants were also trustees or directors.

**I.  Background**

In September, 2009, the defendants moved to dismiss for lack of personal jurisdiction, improper venue and failure to state a claim upon which relief may be granted. On August 30, 2010,

United States Magistrate Judge Judith Gail Dein issued a report and recommendation ("the R&R") on the Defendants' motion to dismiss.  Magistrate Judge Dein recommended that the Defendants' motion to dismiss for lack of personal jurisdiction be allowed because the Defendants' status as trustees of Massachusetts business trusts and their business contacts with Massachusetts are insufficient to establish personal jurisdiction over them in Massachusetts.

Magistrate Judge Dein also recommended that additional briefing be ordered on whether this action should be dismissed or transferred to the United States District Court for the Northern District of Illinois which is the district in which the funds are headquartered and several of the trustees reside.  WITRL filed an objection to the R&R.  In an Order entered September 10, 2010, this Court agreed with Magistrate Judge Dein's recommendation that the case be dismissed for lack of personal jurisdiction but invited additional briefing on the issue of whether the case should be dismissed or transferred to the Northern District of Illinois.  In accordance with that order, the defendants filed a memorandum arguing that the case should be dismissed, not transferred.  The plaintiff responded by contending that the case should be transferred.  The Court will treat that response as plaintiff's motion to transfer.

**II. Analysis**

    **A.   The Court's Discretionary Power to Transfer**

The Court will allow the plaintiff's motion and transfer the action to the Northern District of Illinois. Pursuant to 28 U.S.C. § 1406(a),

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

The defendants argue that § 1406(a) applies only to transfer of venue but the United States Supreme Court's holding in Goldlawr, Inc. v. Heiman directly contradicts that assertion. See 369 U.S. 463, 463 (1962). In Heiman, the Court upheld the transfer of a case from the Eastern District of Pennsylvania to the Southern District of New York pursuant to § 1406(a) because the Pennsylvania court did not have personal jurisdiction over the defendants. Id.; see also Pedzewick v. Foe, 963 F. Supp. 48, 50 (D. Mass. 1997). Although the defendants argue that the holding in Heiman is "constitutionally questionable" for failing to address the defendants' due process rights, this Court finds no reason to diverge from the Supreme Court's decision in that case.

In addition, 28 U.S.C. § 1631 provides that a court "shall, if it is in the interest of justice, transfer" the case to a court in which the action could have been brought at the time it was filed. The defendants argue that § 1631 is meant to apply

only to cases where subject matter jurisdiction is lacking. Indeed, a number of courts have so held. See, e.g., Pedzewick, 963 F. Supp. at 49-50; Mortensen v. Wheel Horse Prods., Inc., 772 F. Supp. 85, 88 (N.D.N.Y. 1991). The First Circuit has indicated and other circuits have held, however, that a district court may transfer pursuant to § 1631 where personal jurisdiction is found lacking. See Subsalve USA Corp. v. Watson Mfg., Inc., 462 F.3d 41, 43 (1st Cir. 2006) (in the context of a case where personal jurisdiction was lacking, stating that 28 U.S.C. § 1631 authorizes a transfer so long as it is consistent with the interest of justice); Cimon v. Gaffney, 401 F.3d 1, 6 (1st Cir. 2005) (recognizing the split among circuits on this issue but stating that it is "inclined to read § 1631 as permitting transfers where a federal court lacks any kind of jurisdiction (including personal jurisdiction)"); In re Carefirst of Md., Inc., 305 F.3d 253, 254-55 (4th Cir. 2002); Ross v. Colo. Outward Bound Sch., Inc., 822 F.2d 1524, 1527 (10th Cir. 1987).

The defendants contend that transferring the case is not in the interest of justice because 1) the plaintiff did not exercise due diligence in determining that Massachusetts was an inappropriate jurisdiction, 2) the plaintiff did not voluntarily dismiss the case earlier when the personal jurisdiction issue was first raised and 3) the complaint is deficient.

The Court finds those arguments unpersuasive. The First

Circuit has stated that, under 28 U.S.C. § 1631, there is a rebuttable presumption in favor of transfer.  Subsalve USA Corp., 462 F.3d at 43.  It was not until this Court adopted the Magistrate Judge's recommendation that the plaintiff was made aware that this District lacks personal jurisdiction over its claims.  The plaintiff will not be penalized for failing to dismiss its case voluntarily prior to that time.  There is also no evidence that the plaintiff filed in Massachusetts in bad faith.  In fact, at oral argument on April 7, 2010, after defense counsel suggested that the Northern District of Illinois was the proper jurisdiction for this case, plaintiff's counsel indicated that they would not object if the Court decided to transfer the case to that district.

Moreover, the merits of the case are not relevant under either 28 U.S.C. § 1406(a) or 28 U.S.C. § 1631 in determining whether to transfer or dismiss a case due to lack of personal jurisdiction.  Finally, because this Court lacks personal jurisdiction, it declines to assess the merits of plaintiff's claims but concludes that the defendant has provided no compelling argument rebutting the presumption in favor of transfer.  The Court will, therefore, transfer the case so long as the Northern District of Illinois has personal jurisdiction over the defendants.  That issue is now addressed.

**B.   Personal Jurisdiction in the Northern District of Illinois**

The Court finds that the Northern District of Illinois has personal jurisdiction over the defendants for the following three reasons:

1.   At oral argument on April 7, 2010, defense counsel told Magistrate Judge Dein that, because the Florida Nuveen Funds are headquartered in Chicago, Illinois, a number of the directors of those funds are residents of Chicago and meetings relating to those funds are regularly held there, Chicago is "the obvious forum" where one would expect jurisdiction to lie.

2.   Plaintiff has made a compelling argument in its objection to the R&R that transfer to the Northern District of Illinois is appropriate.  As the plaintiff explains, three of the defendants are citizens of that district, making them subject to personal jurisdiction under 735 Ill. Comp. Stat. § 5/2-209(b)(2). The remaining six defendants are subject to personal jurisdiction under 735 Ill. Comp. Stat. § 5/2-0209(a)(1), (11) and (12) of the Illinois long-arm statute because they: a) served as directors or officers of a corporation which has its principal place of business in Illinois, b) transacted business in Illinois at Florida Nuveen Funds' executive offices and c) allegedly breached their fiduciary duty at those offices.

3.   In their most recent filing with respect to the issue of transfer, the defendants do not dispute plaintiff's assertion

that the Northern District of Illinois is the appropriate forum for this case.

### ORDER

In accordance with the foregoing, the plaintiff's motion to transfer (Docket No. 46) is **ALLOWED** and the Clerk of Court will process the transfer of this case to the United States District Court for the Northern District of Illinois.

**So ordered**

                                              /s/ Nathaniel M. Gorton
                                              Nathaniel M. Gorton
                                              United States District Judge

Dated January 26, 2011